The Honorable Toni Bradford State Representative 8410 Wildcat Drive Pine Bluff, Arkansas 71603-9112
Dear Representative Bradford:
I am writing in response to your request for my response to the following questions, which you have submitted on behalf of a constituent law firm:
 1. If tires are placed on a vehicle, otherwise meeting the criterial [sic] of A.C.A. 27-14-913(d), solely for the purpose of towing the vehicle to the place where it will be used as scrap, or will be dismantled or destroyed, and the tires themselves are not being sold with the vehicle, is the vehicle considered to be equipped with tires for the purpose of construing A.C.A. 27-14-913(d)(6)?
 2. If a vehicle, otherwise meeting the criterial [sic] of A.C.A. 27-14-913(d), has a singular tire in its trunk (a spare tire) and no other tire is on, or in the vehicle, is the vehicle considered to be equipped with tires for the purposes of construing A.C.A. 27-14-913(d)(6)?
RESPONSE
With respect to your first question, I believe that if a vehicle is temporarily supplied with tires solely for the purpose of towing it to a junkyard for disassembly, it will not be considered as equipped with tires at the time of its disassembly, which appears to be the pertinent time period under A.C.A. § 27-14-913(d)(6). *Page 2 
Given the use of the plural "tires" in A.C.A. § 27-14-913(d)(6), I believe the answer to your second question is "no."
Question 1: If tires are placed on a vehicle, otherwise meeting thecriterial [sic] of A.C.A. 27-14-913(d), solely for the purpose of towingthe vehicle to the place where it will be used as scrap, or will bedismantled or destroyed, and the tires themselves are not being soldwith the vehicle, is the vehicle considered to be equipped with tiresfor the purpose of construing A.C.A. 27-14-913(d)(6)?
As an initial matter, I must address the fact that your questions were initially posed by a private law firm. In this regard I will note that, by statute, my advisory function is limited to counseling various public servants and entities on constitutional and legal matters of official significance. A.C.A. § 25-16-706. Moreover, under A.C.A. § 25-16-701, I am precluded from engaging in or assisting the private practice of law. Accordingly, this opinion is not provided for the benefit of private third parties and should not be relied upon for that purpose.
Subject to the just stated caveat, I believe the answer to your question is in all likelihood "no."
At issue in your request is the construction of A.C.A. § 27-14-913
(Repl. 2004), which provides as follows:
 (a) Any owner who sells a motor vehicle to be used as scrap or to be dismantled or destroyed shall assign a certificate of title thereto to the purchaser and shall deliver the certificate, as assigned, to the Office of Motor Vehicle[s] with a notice that the vehicle is to be dismantled.
 (b)(1) If the motor vehicle is at least ten (10) years old and no certificate of title is available, the purchaser shall deliver a bill of sale in lieu of the certificate of title to the office.
 (2)(A) The bill of sale shall identify the make, model, and serial number of the motor vehicle, and this information shall be verified by a municipal police officer's, sheriff's, or deputy sheriff's signature on the bill of sale. *Page 3 
 (B)(i) The verifying law enforcement officer shall cause the bill of sale to be forwarded to the office, and for such service the city or county, as the case may be, shall receive a five dollar ($5.00) fee, which shall be placed in the city or county general fund.
 (ii) The office shall thereupon cancel the certificate of title to the motor vehicle and record the notice that the motor vehicle is to be dismantled, which shall authorize the person to possess or transport the motor vehicle or to transfer ownership thereto by endorsement on the bill of sale.
 (c) A certificate of title shall not again be issued for a vehicle for which a notice of intent to dismantle has been recorded, except upon certification within ninety (90) days of the date of filing, from the person filing the notice, that the notice of intent to dismantle was filed in error.
 (d) The term "motor vehicle", as used in this section, shall not be applicable to any vehicle which meets each and every one of the following conditions:
 (1) Is so badly damaged or deteriorated as to be inoperable;
 (2) Is not equipped with parts and accessories which are essential to the operation of a motor vehicle;
 (3) Does not have a current license plate or plates;
 (4) Is over ten (10) years of age;
 (5) Is not equipped with a gas tank;
 (6) Is not equipped with tires; and
 (7) Has no value except as junk.
Subsection (d) of this statute creates an exemption from the requirement of notifying the Department of Motor Vehicles of an intent to dismantle a motor vehicle if the vehicle to be dismantled meets all seven of the conditions recited *Page 4 
immediately above. You indicate in your question that the conditions for exemption other than, possibly, the requirement that the vehicle be "not equipped with tires" have been met. The only issue, then, is whether a vehicle that has been temporarily provided with tires in order to allow it to be towed to a facility for disassembly might be characterized as "not equipped with tires" for purposes of triggering the statutory exemption.
Although the statute might benefit from legislative clarification, I believe the answer to this question is, in all likelihood, "yes." The statute is clearly designed to exempt from the reporting requirement vehicles that are in an advanced state of disrepair and have no value other than as junk. The manner in which such a vehicle makes its way to the junkyard for disassembly would appear to be immaterial. Whether loaded onto the bed of a truck or rolled to the junkyard on tires that will not be part of the vehicle at the time of its disassembly, the vehicle will meet all seven of the criteria set forth in the statute when disassembled. The statutory exemption would consequently appear to apply.
Question 2: If a vehicle, otherwise meeting the criterial [sic] ofA.C.A. 27-14-913(d), has a singular tire in its trunk (a spare tire) andno other tire is on, or in the vehicle, is the vehicle considered to beequipped with tires for the purposes of construing A.C.A.27-14-913(d)(6)?
In my opinion, the answer to this question is "no." Subsection 27-14-913(d)(6) expressly uses the plural in designating that vehicle subject to exemption from the reporting requirement not be equipped with "tires ." I believe that both common sense and an ordinary-language interpretation of the statute mandate that this provision be read as applying to the tires that normally support any vehicle.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1